USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 96-2240

 ACADIA INSURANCE COMPANY,
 Plaintiff, Appellant,

 v.

 MICHAEL MCNEIL, ET AL.,
 Defendants, Appellees,
 ______________

 GEORGE MCNEIL,
 Plaintiff, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Paul J. Barbadoro, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 

 Bruce W. Felmly, with whom J. Kirk Trombley, McLane, Graf,
Raulerson & Middleton, Marilyn L. Lytle, and Thacher Proffitt &
Wood were on brief, for appellant.
 Timothy R. McHugh and Hoch & McHugh on brief for American
Institute of Marine Underwriters, amicus curiae.
 Christine M. Rockefeller, with whom Burns, Bryant, Hinchey,
Cox & Rockefeller, P.A. was on brief, for appellee Michael McNeil.
 Emmanuel Krasner, with whom Krasner Professional Associationwas on brief, for appellee George McNeil.

June 16, 1998

 Per Curiam. This appeal arises out of a dispute over the
applicability of a state statute, N.H. Rev. Stat. Ann. 412:2 (II)
(Supp. 1997), to an insurance policy issued by the appellant,
Acadia Insurance Company. In an earlier opinion, we reviewed the
background of the dispute and chronicled the proceedings below. 
See Acadia Ins. Co. v. McNeil, 116 F.3d 599, 600-01 (1st Cir.
1997). Then, applying principles of federal law, we classified the
Acadia policy as a policy of ocean marine insurance. See id. at
601-03. Finally, we certified to the New Hampshire Supreme Court
the following question:
 Does N.H. Rev. Stat. Ann. 412:2(II) apply to
 the liability component of an ocean marine
 insurance policy issued in New Hampshire?

Id. at 605.
 The New Hampshire Supreme Court now has responded to our
inquiry, answering the certified question in the affirmative. SeeAcadia Ins. Co. v. McNeil, ___ A.2d ___ (N.H. 1998) [No. 97-432,
May 22, 1998]. Because this opinion appears to be dispositive of
the case at hand, we issued a show-cause order inviting the parties
"to show cause (if any there be) . . . why this court should not
enter an order summarily affirming the decision below." The time
stipulated in our show-cause order has expired. Since no cause has
been shown, we summarily affirm the judgment of the district court.

 Affirmed. Costs to appellees.